867 F.2d 610
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bryan VUORELA, Plaintiff-Appellant,
v.
STATE OF MARYLAND; Montgomery County States Attorney
General; Robert Dean, Defendants-Appellees.
 No. 88-7730.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 27, 1988.
Decided: Jan. 20, 1989.
 
 Bryan Vuorela, appellant pro se.
 Mark Ralph Davis (Office of the Attorney General of Virginia); Ronald Mark Levitan (Office of the Attorney General of Maryland), for appellees.
 Before JAMES DICKSON PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bryan Vuorela, a Virginia inmate, claims that he is entitled to a speedy probation-revocation hearing arising from a Maryland probation-violation detainer. Vuorela bases his 42 U.S.C. Sec. 1983 claim on the Interstate Agreement on Detainers (IAD) and the 14th Amendment. We reject both of Vuroela's claims based on the Court's recent decision in Carchman v. Nash, 473 U.S. 716 (1985).
 
 
 2
 In Carchman, the Court expressly rejected the argument that Article III of the IAD applies to detainers for probation violations. The Court based its decision in the language of the IAD id. at 724-26, the legislative history of the IAD, id. at 726-29, and the underlying purposes of the IAD. Id at 729-34. Thus, Carchman compels us to reject Vuorela's claim based on the IAD.
 
 
 3
 Likewise, Carchman makes clear that there is no constitutional right to a speedy probation-revocation hearing. 473 U.S. at 731 n. 10 ("[t]his Court has never held ... that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing"). See also Moody v. Daggett, 429 U.S. 78 (1976). Therefore, Vuorela does not raise any constitutional deprivation.
 
 
 4
 Based on the foregoing, we affirm the dismissal of Vuorela's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 
 5
 AFFIRMED.